IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR43 |
| | ) | |
| vs. | ) | **TRIAL BRIEF** |
| | ) | |
| JULIO CESAR PONCE-YBARRA, and, | ) | |
| ROBYN RENEA HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

**SYNOPSIS OF THE CASE**

The investigation of the conspiracy involving these two began some time ago when DEA identified conspiracy members after they were caught with quantities of methamphetamine. Through interviews of several cooperating witnesses, the investigators were able to identify several other members involved in the conspiracy, including the defendants. The investigators also identified a number of incidents where co-conspirators were arrested with large quantities of narcotics and large quantities of drug proceeds. The United States expects to call several cooperating witnesses and law enforcement officers who will testify about the incidents, as well as the two defendants' involvement in the conspiracy.

The United States anticipates calling approximately 15- 20 witnesses during the course of the 5-6 day trial. Many of the witnesses will be coming from out of state which may cause for some changes in the government's anticipated introduction of evidence and the Exhibit List.

**ISSUES**

**Co-Conspirators' Statements**

During the trial, the government will be calling several witnesses who will testify about out of court statements made by other co-conspirators, including the defendants.

The Eighth Circuit has established the following procedural steps when the admissibility of

1

a co-conspirator's statement is at issue, regardless of the nature of the charge or charges:

(1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged co-conspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objections; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a co-conspirator during the course of and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence, the court will make an explicit determination for the record regarding the admissibility of the statement; (d) that if the court determines that the government has failed to carry out the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial unless a cautionary instruction the jury to disregard the statement would suffice to cure any prejudice. See United States v. Stanchich, 550 F.2d 1294, 1298 (2nd Cir.1977). The foregoing procedural steps should transpire out of the hearing of the jury. See Fed.R.Evid. 104(c). (2) After a ruling on the record that the out-of-court declaration is admissible under Rule 801(d)(2)(E), the court may submit the case to the jury. The court should not charge the jury on the admissibility of the co-conspirator's statement but should, of course, instruct that the government is required to prove the ultimate guilt of the defendant beyond a reasonable doubt. An appropriate instruction on credibility should be given, and the jury should be cautioned with regard to the weight and credibility to be accorded a co-conspirator's statement. United States v. Bell, 573 F.2d 1040, 1044 (8th Cir.1978). See also United States v. Macklin, 573 F.2d 1046 (8th Cir.1978). This method of admission has been approved in United States v. Moss, 138 F.3d 742, 744 (8th Cir.1998), cert. denied, 122 S.Ct. 848 (2002).

      The burden is on the United States to show that it is "more likely than not that the statement was made during the course and in furtherance of an illegal association to which the declarant and the defendant were parties". Bell, 706 F.2d at 1044. The requirement that the statement was

made in furtherance of the conspiracy "is afforded broad construction". United States v. Massa, 704 F.2d 629, 638 (8th Cir. 1984). As held in United States v. Bentley, 706 F.2d 1498, 1506 (8th Cir. 1983), cert. denied, 464 U.S. 830 (1984), "The independent evidence of illicit association may be completely circumstantial or may consist of the conspirator's own conduct and admissions". (quoting United States v. Williams, 604 F.2d 1102, 1113 (8th Cir. 1979), and United States v. Scholle, 553 F.2d 1109, 1117 (8th Cir. 1977), cert. denied, 434 U.S. 940).

Additionally, the Confrontation Clause does not give the defendant the right to cross-examine a person who does not testify at trial and whose statements are introduced under the co-conspirator hearsay exclusion. White v. Illinois, 502 U.S. 346, 356 (1992).

The United States will meet its required burden with respect to the admissibility of out of court statements made by the co-conspirators in this case.

**Jury Instructions**

The United States has identified no novel issues present in this case requiring specialized instructions. The United States requests that jury instructions from the Eighth Circuit Manuel of Model Jury Instructions be given to the jury. The government will be submitting suggested jury instructions and a special verdict form in a separate filing.

**Stipulations**

The United States has proposed stipulations for 4 different drug analyses conducted in relation to events that occurred during the course of the conspiracy.

**Exhibit List**

The Exhibit List is currently incomplete as several out of state witnesses have yet to meet with the undersigned and review potential evidentiary items. A completed Exhibit List will be provided to the Court as well as opposing counsel as soon as it is completed.

Respectfully submitted,

UNITED STATES OF AMERICA,
Plaintiff
DEBORAH R. GILG
United States Attorney

s/Thomas J. Kangior
By: THOMAS J. KANGIOR (#21496)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102
(402) 661-3700

CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:
Attorneys of record.

s/Thomas J. Kangior
By: THOMAS J. KANGIOR (#21496)
Assistant U.S. Attorney